IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LEON GRAY, III,
ADC #135694 PLAINTIFF

1:08CV00061JMM/HLJ

LT. BAIRD, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I. Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #12), and on plaintiff's motion to amend (DE #21). Plaintiff has filed a response in opposition to the summary judgment motion (DE #20).

Plaintiff is a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC). He filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment violations with respect to an incident which occurred at the Unit on July 7, 2008. Specifically, plaintiff alleges defendant Baird was escorting him to the Isolation area on that date when he stomped on plaintiff's right foot in a malicious manner with the intent of assaulting plaintiff. Plaintiff alleges defendant Evans improperly accepted a false account of the incident from defendant Baird when reviewing plaintiff's grievance, and failed to review the surveillance video of the incident prior to deciding that the grievance was without merit. Plaintiff also alleges defendant May, the Deputy Director assigned to review grievance appeals, failed to properly respond to the grievance in a timely manner. Plaintiff also moves to amend his complaint to include as a defendant Ronald Dobbs, who assumed defendant May's position in December, 2008, and wrote the final decision with respect to plaintiff's grievance appeal. Plaintiff asks for monetary, injunctive, and declaratory relief from defendants.

II. Motion for Summary Judgment

A. Defendants' Motion

In support of their motion, defendants state plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Specifically, defendants state plaintiff filed this lawsuit on November 19, 2008, prior to receiving the final decision on his grievance appeal on December 16, 2008. Defendants further note that the Inmate Grievance Procedure requires that inmates exhaust their remedies at all levels of the grievance procedure prior to filing a § 1983 lawsuit, and that they must attach a copy of the Chief Deputy/Deputy/Assistant Director's response to any petition or complaint filed in federal court. See Administrative Directive (AD) 07-03, p. 18, Ex. D to DE #13.

In the alternative, defendants state plaintiff's complaint should be dismissed for the following reasons: 1) his allegations fail to state a claim for relief; 2) he does not allege any physical injury as a result of the incident; 3) the theory of respondeat superior is not applicable to this § 1983 actions with respect to his allegations against defendants Evans and May; 4) defendants are entitled to sovereign immunity with respect to plaintiff's allegations against them in their official capacities; 5) defendants are entitled to qualified immunity because their conduct was objectively reasonable; 6) plaintiff fails to support his request for injunctive relief (transfer to another Unit); and 7) declaratory judgment is inappropriate because plaintiff has not complied with the declaratory judgment requirements.

B. Plaintiffs' Response

In his response to defendants' exhaustion argument, plaintiff admits he filed this lawsuit prior to receiving the final response from the deputy/assistant director. However, plaintiff maintains that exhaustion occurred at the time he filed his final appeal, and not at the time he received the response. He also maintains he clearly stated in his complaint that defendant Baird

acted maliciously and sadistically "when he recklessly stomped on the plaintiff's foot," and defendant Evans accepted Baird's "false account" of the incident. Plaintiff also states defendant May failed to properly respond to his grievance, as he issued two extension notices and plaintiff did not receive a response until December 16, 2008. Plaintiff states the response, which was ultimately issued by Assistant Director Ronald Dobbs after defendant May retired, was improperly based on the fact that the medical personnel found no injury to plaintiff. Plaintiff states he never claimed he was seeking relief for physical injuries, but rather, for the reckless and malicious conduct of defendants. Finally, plaintiff states that because defendants Evans and Baird are no longer employed at the Unit, he is no longer seeking injunctive relief in the form of a transfer.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under

> section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."

D. Analysis

Plaintiff does not dispute the fact that he filed this lawsuit prior to receiving the final decision on his grievance appeal. The Court need not address this issue, however, because plaintiff's complaint fails to support an Eighth Amendment claim against defendants. In order to support a claim of excessive force against defendant Baird, plaintiff must provide proof that he acted maliciously and sadistically in order to cause harm. Hudson v. McMillian, 503 U.S. 1, 9 (1992). According to the reports of defendant Baird and two other officers who witnessed the encounter with plaintiff, Baird accidentally stepped on plaintiff's foot when plaintiff slipped on a recently-mopped floor while being escorted to the Isolation area of the Unit. See DE #13, Exs. C, P, Q. At that point, according to these reports, plaintiff resisted being taken to isolation and the officers were required to pull him into the area. However, even if this Court were to accept as true

plaintiff's allegation that defendant Baird "acted with malicious and sadistic intent when he recklessly stomped on the plaintiff's foot in an attempt to trip the plaintiff," (DE #20, p. 5), that allegation does not support a claim for relief because plaintiff does not allege any harm as a result. In his response to defendants' summary judgment motion, plaintiff states he "has never grieved or stated at anytime that he is seeking relief for 'physical injuries' sustained at the hands of the defendant....The plaintiff never brings up injuries to his right foot as a ground for suit." DE #20, p. 6.

In White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994), the Court noted that "while a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." In addition the court stated it must look to the extent of the pain inflicted in order to determine whether a constitutional deprivation occurred. Id. The Court found no support for an inmate's claim of a perforated ear drum following an incident where the defendant threw keys at the inmate and hit him in his midsection. In addition, in Samuels v. Hawkins, 157 F.3d 557, (8th Cir. 1998), the Court found no support for an Eighth Amendment claim when the defendant threw a cup of water on an inmate after the inmate threw a cup of urine on her. The Court found no evidence that the defendant acted maliciously and sadistically, and that the amount of force used was "not of a sort 'repugnant to the conscience of mankind.'", quoting Hudson, supra, 503 U.S. at 9.

Therefore, in light of such case law the Court finds that even if defendant Baird stomped on plaintiff's foot while escorting him to the Isolation unit, such force was de minimis and not of the sort repugnant to the conscience of mankind, and therefore, not violative of the Eighth Amendment.

With respect to plaintiff's allegations against defendants Evans, May, and Dobbs, he complains they did not properly investigate the incident and violated his rights by affirming the

grievance decision against him. Defendant Evans provides an affidavit concerning the investigation he conducted, and states he reviewed the officers' reports, the surveillance tape of the incident, and plaintiff's allegations. DE #13, Ex. M. Furthermore, plaintiff admits defendant May retired prior to responding to his grievance, and that proposed-defendant Dobbs was the individual who affirmed the grievance. Plaintiff presents no evidence of deliberate indifference by these defendants in their review of the incident at issue. Therefore, the Court finds he fails to support his claims against them. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #12) is hereby GRANTED and plaintiff's complaint against defendants is DISMISSED with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to amend (DE #21) is hereby DENIED.

IT IS SO ORDERED this 20th day of February, 2009.

Henry L. Jones, Jr.

United States Magistrate Judge